## UNITED STATES *v.* CLARK.

1. The act of May 9, 1866 (14 Stat. 44), extending the jurisdiction of the Court of Claims, does not dispense with the existing rules regulating appeals from that court.
2. In cases to which that act applies, the Court of Claims should set forth in its finding of facts the amount of loss, if any, which the petitioner has sustained.

APPEAL from the Court of Claims.

On the 12th of April, 1873, Clark filed his petition in the Court of Claims praying relief from responsibility, under the act of May 9, 1866, 14 Stat. 44, on account of the loss, by robbery, of funds to the amount of $15,979.87 belonging to the United States, and in his hands as a paymaster in the army. The United States pleaded the general issue and the Statute of Limitations.

The court found the facts as follows: —

1. On the 6th April, 1865, the claimant lost, by robbery, while in the line of his duty as assistant paymaster in the army

at Franklin, Texas, a package of government funds. The package was in his official safe at his quarters, and the loss was without fault or neglect on the part of the officer.

2. The claimant, after duly reporting the loss, and making known the facts to his superior officers, credited himself in his next account-current as follows: "Amount lost by robbery of safe at Franklin, Texas, $15,979.87." This item of credit was not acted upon by the accounting officers of the treasury until the final revision of his accounts, on the 6th of November, 1871, when it was disallowed, and charged to him as a balance on hand.

3. The robbery was committed in the daytime, by forcibly breaking into the claimant's quarters, during his temporary absence, and then forcibly breaking into the government safe, in which the funds were. Two persons were apprehended and tried by military commission held at the head-quarters of the Department of New Mexico, on the 5th of June, 1865. On the trial the claimant was a witness, and testified as to the amount of the funds stolen. The commission found the prisoners guilty. Its proceedings were duly approved, and its sentence carried into effect.

The claimant, at the time of the robbery, had no clerk or assistant. It appears, from other testimony, that a package of money was in the safe, but the precise amount thereof was known to no person but the claimant. He was of good character, personally and officially, and had always kept regular and exact accounts of the funds in his official custody, and had made due returns in regard to, and properly accounted for, the same. He immediately reported to his superior officers that the funds in that safe were $15,979.87, which was the amount of the loss appearing on his subsequent official reports, and charged against him as deficiency on the final revision and settlement of his accounts by the accounting officers of the treasury.

4. On the 17th of February, 1873, a suit was instituted by the United States, in the Circuit Court of the United States for the first circuit, on the official bond of said claimant, which suit is still pending, to recover the sum of $20,000, claimed to be due from him thereon.

Upon the facts found the court decided as conclusions of law : —

1. The court having ascertained the facts of the loss in this case, and that it was without fault or neglect on the part of the claimant, may render a decree in his favor, as directed by the statute, though the evidence of the amount of the funds lost was entirely circumstantial.

2. The suit having been brought within six years after the claimant's accounts were settled at the treasury, in which he had charged the United States with the amount of the loss, and within six years after such item of credit for the funds so lost was first acted upon by the accounting officers, and consequently within six years from the time when the officer was first held responsible for such loss, the suit is not barred by the Statute of Limitations, though more than six years elapsed between the loss and the bringing of the suit.

Judgment having been rendered for the claimant, the United States appealed to this court.

*Mr. Assistant Attorney-General Smith* for the appellant.
*Mr. Charles E. Pike, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Our rules regulating appeals from the Court of Claims require that the record shall contain, among other things, " a finding by the Court of Claims of the facts in the case established by the evidence, in the nature of a special verdict, but not the evidence establishing them, and a separate statement of the conclusions of law upon said facts on which the court founds its judgment or decree. The finding of facts and conclusions of law to be certified to this court as a part of the record." Rule 1, sect. 2.

The act of Congress under which this action was prosecuted does not dispense with these requirements. The Court of Claims should, therefore, have found, among other things, the amount of the loss which had been sustained. It is stated in the judgment as entered in form, and alluded to in the opinion of the court, but is entirely omitted from the special finding, which is to be in the nature of a special verdict. It is our

duty to apply the law to the facts as found, and not to decide upon the weight of the evidence.

Upon the facts set forth in the special finding this judgment cannot be sustained, because of the omission to state the amount of the loss. In our action upon the appeal we do not look beyond the finding.

*Judgment reversed on account of an insufficient finding, and cause remanded for such further proceedings as law and justice may require.*